# Case No. 6,503.

## HILL v. WINNE.

[1 Biss. 275.] [1]

District Court, D. Wisconsin. Jan., 1859.

JURISDICTION — MORTGAGE IS CHOSE IN ACTION— ELEVENTH SECTION JUDICIARY ACT.

1. The United States courts have not jurisdiction of a bill of foreclosure by the assignee of a mortgage, where the mortgagor and mortgagee are citizens of the same state.

2. A mortgage is a chose in action within the meaning of the eleventh section of the judiciary act [1 Stat. 78].

3. The rule that a promissory note payable to bearer is excepted from the prohibition of this section does not apply to an accompanying mortgage.

4. Doubtful jurisdiction not entertained.

Bill of foreclosure. The complainant represents himself as a citizen of the state of New York, and as such, claims the jurisdiction of this court. It is charged in the bill that the defendant made and delivered to one J. J. Tallmadge a note, whereby he promised to pay said Tallmadge or bearer, two thousand seven hundred dollars, for value received.

---

[1] [Reported by Josiah H. Bissell, Esq., and here reprinted by permission.]

And to secure the payment thereof, executed and delivered to said Tallmadge the mortgage upon which this suit is brought, which note and mortgage have been sold and delivered by said Tallmadge to complainant. The bill prays the usual decree of sale of the mortgaged premises. The defendant pleads that he is a citizen of this state; and that J. J Tallmadge, the mortgagee, was at the date of the mortgage, and also at the time of the filing of this bill, a citizen of this state.

Finches, Lynde & Miller, for complainant.
Winsor & Smith, for defendant.

MILLER, District Judge. This is intended as a plea to the jurisdiction of this court. If this bill had averred that the note and mortgage were given to the complainant, in the name of Tallmadge, it might be inferred that the complainant was entitled to prosecute this suit, as the equitable owner of the mortgage. But it is averred that the note was given to Tallmadge, and he sold and delivered it to the complainant.

By the constitution and the act of congress, organizing the courts of the United States, suits at law, or in equity, can be sustained between citizens of different states; one of the parties being a citizen of the state wherein the suit is brought. A citizen of some other state may sue a citizen of this state, or a citizen of this state may sue a citizen of some other state, if found within this state, so that process can be served on him. It is certain that Tallmadge could not sustain a suit in this court against Winne, they both being citizens of the same state. By the eleventh section of the judiciary act (1 Stat. 78), "no district or circuit court shall have cognizance of any suit to recover the contents of any promissory note or other choses in action in favor of an assignee, unless a suit might have been prosecuted in such court to recover the said contents, if no assignment had been made, except in cases of foreign bills of exchange."

According to the prevailing practice in the circuit and district courts, under rulings of the supreme court of the United States, this plaintiff could prosecute a suit at law against Winne, the maker of this note, as this provision of law is inapplicable to notes payable to bearer; upon the ground that the original promise is to pay any person who may happen to be the bearer; and that as the interest in such a note passes by mere manual delivery, the plaintiff cannot, therefore, be said to claim in virtue of an assignment. Bullard v. Bell [Case No. 2,121]; Bank of Kentucky v. Wister, 2 Pet. [27 U. S.] 318; Smith v. Clapp, 15 Pet. [40 U. S.] 125; Young v. Bryan, 6 Wheat. [19 U. S.] 146; Bonnafee v. Williams, 3 How. [44 U. S.] 574. This prohibition is decided in Gibson v. Chew, 16 Pet. [41 U. S.] 315, to embrace a joint suit against the maker and endorser of a promissory note, where they both are citizens of the same state; and for this reason, a law of a state authorizing

such joint suit, is not to be recognized in the federal courts. Keary v. Farmers' & Merchants' Bank, 16 Pet. [41 U. S.] 89; Dromgoole v. Farmers' & Merchants' Bank of Mississippi, 2 How. [43 U. S.] 241. It also extends to a general assignee of an insolvent debtor (Sere v. Pitot, 6 Cranch [10 U. S.] 332), and to an assignee of a bond and mortgage (Sheldon v. Sill, 8 How. [49 U. S.] 441; Smith v. Kernochen, 7 How. [48 U. S.] 198).

The jurisdiction of this court is claimed for the complainant, on the ground, that as the note passed by manual delivery merely, without an assignment or endorsement, such transfer carried with it the equitable interest in the mortgage. It is true that, in equity, the debt or note is treated as the principal, and the mortgage as the incident, which passes by the transfer of the note, and is discharged by its payment. But we have a note and mortgage delivered by one citizen of this state to another; and at the time of filing the bill they are both citizens of the same state. There is no replication to this plea, that the plaintiff was either beneficially or equitably entitled to the contents of the note and mortgage at their inception. The bill sets forth that the mortgagee sold and delivered the note to the plaintiff. It should be pleaded, but it possibly may be inferred, that this suit is carried on in the name of the plaintiff for the mortgagee's benefit. If so, it is virtually a suit between citizens of the same state. If this matter had been specially pleaded, and not denied, it would be the duty of the court to dismiss the bill. Smith v. Kernochen, supra.

The note is a general security, not payable to any particular person; the mortgage is a special security to the mortgagee. The one is transferable by manual delivery; the other by assignment. The note is independent of the mortgage, and it may be sued on by the holder, under the presumption that it may have been delivered to him by the maker, as it was not made payable particularly to the person named as payee. But the mortgage is executed and delivered to the mortgagee, and his assigns, whereby we have notice that it is a contract or chose in action between citizens of this state, transferable at law only by assignment. Chief Justice Marshall, in the opinion in Sere v. Pitot, 6 Cranch [10 U. S.] 332, remarks: "Without doubt, assignable paper, being the chose in action most usually transferred, was in the mind of the legislature when the law was framed, and the words of the provision are therefore best adapted to that class of assignments. But there is no reason to believe that the legislature were not equally disposed to except from the jurisdiction of the federal courts those who could sue in virtue of equitable assignments, and those who could sue in virtue of legal assignments." If there was any transfer of this mortgage it was a mere equitable one, which should not under the evidence on the face of the mortgage of the real parties,

entitle the complainant to prosecute this suit. With the same propriety might the jurisdiction of this court be claimed by a non-resident assignee of an insolvent debtor, who is a citizen of this state; or by the holders of mortgages given to railroad companies within this state, or their assigns, where their objects and the parties are strictly local. At all events, I consider the jurisdiction doubtful; and according to the practice of the court not to entertain doubtful jurisdiction, this bill will be dismissed.

---

HILL (ZEIBER v.). See Case No. 18,206.

HILLEARY (McCUTCHEN v.). See Case No. 8,742.

HILLEGAS (HANCOCK v.). See Case No. 6,010.

HILLEGAS (UNITED STATES v.). See Case No. 15,366.